FREDERIC W. STEVENS, EUGENE STEVENSON, EDMUND B. LEAM-
ING, VIVIAN M. LEWIS, JOHN H. BACKES, JOHN GRIFFIN,
JOHN E. FOSTER, MERRITT LANE, MALCOLM G.
BUCHANAN AND JAMES F. FIELDER,
VICE-CHANCELLORS.

---

WILLIAM B. LOUDENSLAGER

*v.*

JOHN STAFFORD.

[Decided January 10th, 1918.]

1. A purchaser of land within a tract subject to restrictive covenants is bound by them when his deed states that the estate granted is "subject to the restrictions now imposed upon said premises."

1

2. Where a defendant is constructing a wall of his hotel building in disregard of a restriction that private dwellings only shall be built upon the premises, and is also constructing another wall of his hotel building in disregard of a restrictive covenant that no portion of any building shall be erected within eight feet of the side dividing line of the lots, and also is constructing a foundation wall within three feet of the rear dividing line of the lots, he will be restrained by injunction from violating the covenants.

3. A judge may take the testimony of his own senses that a fourteen-story apartment-house or hotel is not a private dwelling.

On final hearing on pleadings and proofs.

*Messrs. Grey & Archer,* for the complainant.

*Mr. James H. Hayes, Mr. Ulysses G. Styron* and *Mr. Clarence L. Cole,* for the defendant.

WALKER, CHANCELLOR.

This case was tried and submitted together with that of *Pearson* v. *Stafford,* in which an opinion will be filed contemporaneously with this memorandum. See *88 N. J. Eq. 385.*

This case differs from the *Pearson Case* in this, that the land here involved, upon which the defendant's building is proposed to be erected, is not upon the Chelsea Beach Company tract, but upon what is called the Hemsley tract adjoining it, and is subject to certain restrictions differing from those imposed upon the Chelsea Beach tract. The fact is, that the building which the defendant is erecting on his property faces on Brighton avenue and runs through to Stenton Place, the Brighton avenue side having been acquired by mesne conveyances under the Chelsea Beach Company, and that on the Stenton Place side by mesne conveyances under Mr. Hemsley—the Stenton Place side being lots 126 and 132 on the Hemsley plat, referred to in the opinion in the *Pearson Case.*

The building commenced by the defendant is to be a large apartment-house or hotel fourteen stories high, at the corner of Brighton avenue and the boardwalk, having a frontage on Brighton avenue extending back to Stenton Place.

The defendant's deed, after description of the property conveyed, recites that it is "subject, nevertheless, to the restrictions now imposed upon the said premises." Although the defendant in this case, as in the *Pearson Case,* denies that his property is subject to restrictions, this language in his deed put him upon notice, and inquiry would have discovered to him the restrictions on the Hemsley tract, if he did not in fact know them. The defendant in this case is violating those restrictive covenants, in this, that he is constructing the northerly wall of the building across lot No. 126, in disregard of the restriction that private dwellings only shall be built on the premises, excepting that an owner of adjoining lots is privileged to build not more than one private dwelling under the same roof covering more than one lot; but this, of course, means adjoining lots on the Hemsley tract and not lots on that one adjoining lots on the Chelsea Beach Company tract; and he is also constructing the northerly wall directly along the line between lots 120 and 126 adjoining on the north, in disregard of the covenant that no portion of any building on any lot between Pacific avenue and the ocean boardwalk (within which area lots 120 and 126 are situate) shall be erected within eight feet of the side dividing line of the lots, and is also constructing the foundation wall along the northerly line of lot 126 within three feet of the rear dividing line of the lots.

That a fourteen-story high apartment-house or hotel is not a private dwelling goes without saying, and a judge will take it upon the testimony of his own senses that such a building violates a covenant providing that private dwellings only shall be built upon the given premises.

In *Lapres* v. *Doughty,* opinion by Vice-Chancellor Leaming, filed November 21st, 1916; affirmed by the court of errors and appeals, for the reasons given by him (see *88 N. J. Eq. 361*), neither of which opinions is yet reported, the restrictive covenants on the Hemsley tract were upheld—on a different state of facts and between different parties, to be sure, but the reasoning of that case is applicable to this one.

Complainant is entitled to an injunction to restrain the erection of the defendant's building, in so far as it violates the re-

strictive covenants, but not commanding him to remove foundations no higher than the grade of the lots within the restricted area, as such foundations, in and of themselves, will work no injury to the complainant by way of depriving him of the benefit of the covenants. The complainant is entitled to costs.